UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JEFFREY DUMAS,

    *Petitioner*,

v.

UNITED STATES OF AMERICA,

    *Respondent*.
_____/

CRIMINAL CASE NO. 06-CR-20402
CIVIL CASE NO. 11-CV-14482

DISTRICT JUDGE THOMAS LUDINGTON
MAGISTRATE JUDGE CHARLES BINDER

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON PETITIONER'S MOTION UNDER 28 U.S.C. § 2255
TO VACATE, SET ASIDE, OR CORRECT SENTENCE and
RESPONDENT'S MOTION TO DISMISS GROUNDS TWO, THREE,
AND FOUR OF THE MOTION TO VACATE**
(Docs. 69, 76)

## I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that the motion to vacate (Doc. 69) be **DENIED** and that the motion to dismiss (Doc. 76) be **GRANTED**.

I further recommend that Petitioner's motion for extension of time (Doc. 68), motion for leave to file extended brief/memorandum (Doc. 80), and motion to appoint counsel and for leave to proceed *in forma pauperis* (Doc. 86) be denied as moot.

## II.    REPORT

### A.    Introduction

Pending, pursuant to an order of reference from United States District Judge Thomas L. Ludington, is the above-entitled motion, which was filed pursuant to 28 U.S.C. § 2255, to vacate Jeffrey Dumas's federal custodial sentence. (Doc. 69.) Respondent submitted a response (Doc. 78)

and Petitioner Dumas (hereafter "Dumas") filed a reply. (Doc. 83.) Respondent also submitted a motion to dismiss grounds two, three and four of the motion (Doc. 76), to which Dumas responded (Doc. 83) and Respondent replied. (Doc. 84.) Therefore, I conclude that, pursuant to E.D. Mich. LR 7.1(f)(2), these motions are ready for Report and Recommendation without oral argument.

### B. Background and Arguments of the Parties

Dumas was charged in a two-count indictment with: conspiracy to possess with intent to distribute fifty grams or more of a substance containing cocaine base, commonly known as crack cocaine, in violation of 21 U.S.C. § 846 (Count I); and aiding and abetting a knowing distribution of a substance containing 5 grams or more of cocaine base, commonly known as crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii) and 18 U.S.C. § 2 (Count II). On August 2, 2006, a Notice of Penalty Enhancement was filed pursuant to 21 U.S.C. § 851, indicating that Dumas had been previously convicted of two felony drug offenses, one in 1996 in Macomb County and one in 1997 in Genesee County, and thus was subject to enhanced penalty provisions. (Doc. 9.)

On November 28, 2006, Dumas pleaded guilty to both counts of the indictment and he appeared for sentencing on May 24, 2007. On June 1, 2007, judgment was entered and Dumas was committed to the Bureau of Prisons for 360 months on Counts 1 and 2, to be served concurrently. (Doc. 35 at 2.)

Dumas appealed and on January 12, 2010, the Sixth Circuit affirmed the conviction and sentence. (Doc. 66.)[1] Dumas argued on appeal that the district court did not adequately explain the

---

[1]The mandate was filed on April 24, 2010. (Doc. 67.)

sentence it imposed. (Doc. 66 at 1.)[2] Dumas filed the instant motion to vacate his sentence on October 7, 2011. (Doc. 69.) In the motion, Dumas contends that his trial counsel was ineffective "at plea negotiations" because he "advised the court that there was no objection to the assertions in the notice of prior convictions" even though "at least one of those prior convictions did not count under 21 U.S.C. § 851 as a predicate offense for enhanced penalties under 21 U.S.C. § 841." (Doc. 69 at 4.) Ground two alleges that counsel was ineffective "for not objecting to the 100:1 crack/powder disparity, that the career offender did not apply, and that the sentence imposed was greater than necessary." (Doc. 69 at 5-6.) Ground three contends that counsel was ineffective "for not arguing that the trial court misapplied the [sentencing guidelines] by applying career offender." (Doc. 69 at 6-7.) Ground four contends that the "court abused its discretion in imposing an unreasonable sentence that is greater than necessary, misapplied the career offender enhancement, and failed to acknowledge the characteristics." (Doc. 69 at 8-9.)

Respondent's motion to dismiss grounds two, three and four argues that these grounds are "based on the application of the sentencing guidelines" which are "generally [] not cognizable in a 28 U.S.C. § 2255 petition." (Doc. 76 at 1.) Respondent also notes that Dumas, through counsel, challenged the crack-powder cocaine discrepancy and the career offender enhancement in the district court. (Doc. 76 at 1-2, citing Sent. Tr., Doc. 52 at 4-7, 12.) Respondent further contends that since the sentencing issues were raised, decided, and made final by the denial of certiorari by the United States Supreme Court, they "should be dismissed as non-justiciable in this § 2255 context." (Doc. 76 at 2-3.) In addition, Respondent notes that Dumas may not add grounds to his

---

[2]*United States v. Dumas*, 361 Fed. App'x 646 (6th Cir. 2010).

3

motion in his brief in support of the motion (Doc. 73), especially where the brief, even if liberally construed as an amended motion, was filed outside the one-year limitation period. (Doc. 76 at 3-4.)

In response to the § 2255 motion, Respondent argues that the "undisputed" sentencing "guideline range was 292 to 365 months based on his career offender status" and that the court's sentence was within that range, i.e., 360 months on each count, to be served concurrently. (Doc. 78 at 2.) Respondent argues that although Dumas's prior state conviction carried a guideline range of zero to nine months, and an actual sentence of probation, the salient question for career-offender purposes is whether the crime was punishable by more than one year of incarceration. (Doc. 78 at 2-3.) Since his state conviction for possession of marijuana with intent to distribute carried a four-year maximum term of incarceration, it was a conviction punishable by more than one year incarceration and was appropriately considered in the career-offender determination. (Doc. 78 at 3.)

### C. Governing Law

In order to prevail on a motion brought under 28 U.S.C. § 2255, a petitioner must show a "fundamental defect which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). A section 2255 motion is not a substitute for a direct appeal. When a petitioner raises a claim that he failed to raise at the appellate level, a court is generally precluded from reviewing the merits of such a claim unless a petitioner can show: (1) cause for his failure to raise the claim earlier in a direct appeal; and (2) actual prejudice stemming from the alleged violation or actual innocence. *Reed v. Farley*, 512 U.S. 339, 354-55, 114 S. Ct. 2291, 129 L. Ed. 2d 277 (1994); *United States v. Frady*, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1981). A post-conviction motion under

section 2255 is the proper vehicle for raising claims of ineffective assistance of counsel in the first instance. *United States v. Crowe*, 291 F.3d 884, 886 (6th Cir. 2002) (citing *United States v. Wunder,* 919 F.2d 34, 37 (6th Cir. 1990)).

Claims of ineffective assistance of counsel are governed by the U.S. Supreme Court's rule pronounced in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In *Strickland*, the Court enunciated a two-pronged test that must be satisfied to prevail on an ineffective assistance of counsel claim. First, the movant must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness. *Id.* at 688. "Constitutionally effective counsel must develop trial strategy in the true sense – not what bears a false label of 'strategy' – based on what investigation reveals witnesses will actually testify to, not based on what counsel guesses they might say in the absence of a full investigation." *Ramonez v. Berghuis*, 490 F.3d 482, 488 (6th Cir. 2007). Second, the movant must show that he was prejudiced by the deficiency to such an extent that the result of the proceeding is unreliable. *Strickland*, 466 U.S. at 688. It is not enough to show that the alleged error "had some conceivable affect on the outcome of the proceeding." *Id.* Rather, the movant must show that, but for counsel's errors, the result would have been favorably different. *Id*. at 693. Failure to make the required showing under either prong of the *Strickland* test defeats the claim. *Id*. at 700.

The Supreme Court has explained that "[t]he essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." *Kimmelman v. Morrison*, 477 U.S. 365, 374, 106 S. Ct. 2574, 91 L. Ed. 2d 305 (1986). This language highlights

the Supreme Court's consistent view that the Sixth Amendment right to counsel is a safeguard to ensure fairness in the trial process.

In *Lockhart v. Fretwell*, 506 U.S. 364, 113 S. Ct. 838, 122 L. Ed. 2d 180 (1993), the Court clarified the meaning of "prejudice" under the *Strickland* standard, explaining:

> Under our decisions, a criminal defendant alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." . . . Thus, an analysis focusing solely on the mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective.

*Lockhart*, 506 U.S. at 369 (citations omitted).

Ineffective assistance of counsel claims "may be brought in a collateral proceeding under § 2255 whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003).

### D.      Analysis and Conclusions

### 1.      Arguments Raised in Dumas's Supplemental Brief (Doc. 73)

Respondent contends that Dumas may not add grounds to his motion in his supplemental brief in support of the motion, especially where the motion was filed outside the one-year limitations period. (Doc. 76 at 3-4.)

I suggest that arguments raised for the first time in his "supplemental brief" (Doc. 73), which was filed one month after the deadline to file his motion to vacate sentence, should not be considered. *See United States v. Perkins*, 994 F.2d 1184, 1191 (6th Cir. 1993) ("Issues raised for the first time in a reply brief are not properly before this court."). Although Dumas's brief is labeled a "supplemental" brief rather than a reply brief, I suggest this is a distinction is without a

difference. Any matter Dumas did not raise in his initial motion and brief (Doc. 69) is not properly before the court.

In addition, to the extent that Dumas's supplemental brief could be construed as a motion seeking leave to amend or supplement his § 2255 motion, I suggest that such a document would "contravene the one-year bar for section 2255 petitions." *Hayden v. United States*, No. 05-10287, 2008 WL 220612, at *1 (E.D. Mich. Jan. 25, 2008). The fact that the "supplemental" brief raises new issues that do not relate back to Dumas's claims raised in his original § 2255 motion, and that those new claims were raised after the one-year limitation period expired, bars these claims. *See Mayle v. Felix*, 545 U.S. 644, 650, 125 S. Ct. 2562, 162 L. Ed. 2d 582 (2005).

Even if the newly raised issues were considered, I suggest that they lack merit. The additional arguments raised were that trial counsel was ineffective for "not reasserting the arguments that were made under § 3553(a) as warranting a sentence below the USSG range based on a 'variance'"; and "not specifically reasserting the sentencing arguments after imposition of sentence to preserve them for appellate review as per circuit case law requires." (Doc. 73 at 15.) I suggest that since counsel is not ineffective for raising arguments unsuccessfully, nor is counsel ineffective for failing to "reassert" arguments made and lost. *Hodge v. Haeberlin*, 579 F.3d 627, 644 (6th Cir. 2009) ("Counsel does not fall below this [*Strickland*] standard by failing to prevail when arguing a debatable point to the court.").

### 2. Grounds Two, Three and Four - Respondent's Motion to Dismiss (Doc. 76)

Respondent's motion to dismiss grounds two, three and four argues that these grounds are "based on the application of the sentencing guidelines" which are "generally [] not cognizable in a 28 U.S.C. § 2255 petition." (Doc. 76 at 1.) Respondent further contends that since the sentencing

issues were raised, decided, and made final by the denial of certiorari by the United States Supreme Court, they "should be dismissed as non-justiciable in this § 2255 context." (Doc. 76 at 2-3.)

Grounds two, three and four of the instant motion to vacate allege that counsel was ineffective for failing to object to the "100:1 crack/powder disparity, that the career offender did not apply,[3] and that the sentence imposed was greater than necessary[,]" i.e., that the "court abused its discretion in imposing an unreasonable sentence that is greater than necessary, misapplied the career offender enhancement, and failed to acknowledge the characteristics." (Doc. 69 at 8-9.) In the Sixth Circuit's denial of Dumas's direct appeal, the court decided the "discrepancy" between crack and powder cocaine issue, the issue that the "Guidelines range – though technically correct – overstated his criminal history," and Dumas's argument that he "had taken steps to better his life, such as attending college." (Doc. 66 at 2.)

Since the appellate court addressed the issues underlying Dumas's ineffective assistance claims, I suggest that these claims are procedurally barred. "[A] § 2255 motion may not be employed to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law." *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999). Dumas has alleged no such exceptional circumstances justifying further review, and the record reveals none.

It could be argued that grounds two and three were not raised on direct appeal because now they are brought under the rubric of ineffective assistance of counsel. However, where the appellate court has held that the errors alleged were harmless, any claims that an attorney was

---

[3]Dumas's career offender argument is made separately in ground one, and will be discussed there.

8

ineffective for failing to raise these same errors are also procedurally barred. *United States v. Ramirez*, 327 Fed. App'x 751, 752 (9th Cir. 2009) ("Because we held on direct appeal that any error . . . was harmless, Ramirez is barred from contending here that his attorney rendered ineffective assistance.").

Stated differently, a movant "cannot use a § 2255 proceeding, in the guise of ineffective assistance of counsel, to relitigate issues decided adversely to him on direct appeal." *Clemons v. United States*, No. 3:01-CV-496, 3:97-CR-16, 2005 WL 2416995, at *2 (E.D. Tenn. Sept. 30, 2005) (citing *DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996)). *Accord, Lossia v. United States*, No. 04-80422, 2010 WL 3951078, at *4 (E.D. Mich. July 1, 2010).[4]

Furthermore, even if the claims were not procedurally barred, I suggest the result would be the same. Dumas now contends that his trial counsel was ineffective for failing to prevent errors that the Sixth Circuit held lacked merit. Since the alleged errors were without merit, any failure on the part of counsel for not raising them could not have prejudiced Dumas as required under *Strickland*. *See Lockhart*, 506 U.S. at 369.

Accordingly, I suggest that Dumas's section 2255 motion should be denied on grounds two, three and four and, thus, that Respondent's motion to dismiss those grounds should be granted.

### 3. **Career Offender – Ground One**

Dumas contends that his trial counsel was ineffective "at plea negotiations" because he "advised the court that there was no objection to the assertions in the notice of prior convictions"

---

[4]*See also Hestle v. United States*, 426 Fed. App'x 366, 367 (6th Cir. 2011) (distinguishing *Clemons* because it involved a sufficiency of evidence claim and holding that "Hestle's failure to persuade the court of his *Batson* claim on direct appeal did not foreclose a motion to vacate for ineffective assistance in a § 2255 motion, because a finding of ineffective assistance could be consistent with our holding on direct appeal.").

9

even though "at least one of those prior convictions did not count under 21 U.S.C. § 851 as a predicate offense for enhanced penalties under 21 U.S.C. § 841." (Doc. 69 at 4.)

The sentencing guidelines provide that a defendant is considered a career offender

> if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1. A "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance [] or the possession of a controlled substance [] with intent to manufacture, import, export, distribute or dispense." U.S.S.G. § 4B1.2(b).[5] "Two prior felony convictions" means that a defendant "committed the instant offense of conviction subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense" as defined above. U.S.S.G. § 4B1.2(c).

Under Michigan law, possession with intent to deliver marijuana is a felony. Mich. Comp. Laws § 333.7401(2)(d). Dumas contends that since his 1996 conviction for possession with intent to deliver marijuana resulted in a sentence of two years' probation rather than incarceration, it was not a felony for purposes of determining career offender status. (Doc. 73 at 11.)[6] However, the

---

[5]Similarly, "felony drug offense" "means an offense that is *punishable* by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44).(emphasis supplied). However, as noted by Respondent, even though both definitions focus on what is punishable rather than actual punishment, not all felony drug offenses will qualify as a predicate offense for career offender status even though all offenses that qualify for career offender status will meet the definition of felony drug offense. (Doc. 78 at 3, n.5.)

[6]At the plea hearing, it was clarified that the 1996 conviction was for possession with intent to deliver marijuana rather than delivery of marijuana. (Doc. 55 at 6-8.)

resulting lenient sentence does not alter the fact that the 1996 conviction was a felony. *See United States v. Pruitt*, 545 F.3d 416, 419 (6th Cir. 2008) (citing the commentary to U.S.S.G. § 4B1.2 which defines felony as "a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year . . . regardless of the actual sentence imposed"); *United States v. Lockett*, 359 Fed. App'x 598, 602 (6th Cir. 2009) ("The use of the word punishable rather than punished makes clear that it is not the actual punishment imposed but that which the statute authorizes which determines whether a crime is a felony or a misdemeanor (citations omitted)).

To the extent that Dumas argues that he should not be considered a career offender because he was a low level offender, the Sixth Circuit has rejected claims that the "career offender guideline results in a punishment greater than necessary to punish a street-level offender," nor does the Sixth Circuit "countenance" arguments that "applying the career-offender guideline to low-level drug dealers serves no deterrence purpose, because other low-level drug dealers will emerge to take their place." *United States v. Vaughn*, 444 Fed. App'x 875, 882 (6th Cir. 2011).

Therefore, I suggest that Dumas was properly sentenced as a career offender and that counsel was not ineffective for failing to raise this issue. I therefore suggest that the § 2255 motion be denied on this ground.

### 4. Conclusion

I suggest that Dumas has not alleged any claims that could support a finding that his trial counsel was ineffective, that he was prejudiced by any alleged ineffectiveness, or that the district court proceedings were fundamentally unfair or unreliable. I therefore suggest that the § 2255

motion be denied in its entirety and that Respondent's motion to dismiss grounds two, three and four be granted.

### E. Evidentiary Hearing

Section 2255 states that "[u]nless the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). "We have observed that a Section 2255 petitioner's burden for establishing an entitlement to an evidentiary hearing is relatively light." *Smith v. United States*, 348 F.3d 545, 551 (6th Cir. 2003) (citation omitted). "In reviewing a § 2255 motion in which a factual dispute arises, 'the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims.'" *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007). On the other hand, no hearing is required if the motion's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States*, 178 F.3d 7787, 782 (6th Cir. 1999) (citation omitted). In addition, "the words 'grant a prompt hearing' are not magic words requiring a district judge, who is fully familiar with the circumstances under which a guilty plea was made, to duplicate procedures and conduct a hearing to resolve alleged fact issues which can and should be decided on the record that already exists." *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993).

In the instant case, there is no material factual dispute that a hearing could address. Furthermore, since I suggest that Dumas cannot show any prejudice from any alleged failures in his trial counsel's performance, the motion is one where "the files and the records of the case

conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). I therefore suggest that Dumas is not entitled to a hearing on the allegations raised in his motion.

### III.    REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). See also 28 U.S.C. § 636(b)(1). The response shall be concise, but commensurate in detail with the objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Commissioner of Soc. Sec.*, 474 F.3d 830, 837; *Frontier Ins. Co.,* 454 F.3d at 596-97.

                                              s/ Charles E Binder
                                              CHARLES E. BINDER
Dated: March 21, 2012                          United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Order was electronically filed this date and electronically served on Janet Parker; and served by first class mail on Jeffrey Dumas, #26376039, FCI Allenwood, P.O. Box 2000, White Deer, PA 17887-2000.

Date: March 21, 2012                                          By    s/Jean L. Broucek
                                                                             Case Manager to Magistrate Judge Binder