UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JEFFREY DUMAS,

                 Petitioner,

                                        Case No. 06-20402

v.                                      Honorable Thomas L. Ludington

UNITED STATES OF AMERICA,

                 Respondent.

_____ /

**OPINION AND ORDER DENYING
PETITIONER'S MOTION FOR RECONSIDERATION**

Did Petitioner Jeffrey Dumas have two prior convictions that qualified as "controlled substance offenses" under § 4B1.2(b) of the United States Federal Sentencing Guidelines?  That is the principal question in this federal habeas case.

In May 2013, the Court concluded that Petitioner did.  *Dumas v. United States*, 06-20402, 2013 WL 1914329 (E.D. Mich. May 8, 2013).  Petitioner now asks that the Court reconsider that decision.  As Petitioner's repeated assertions remain unpersuasive, his motion for reconsideration will be denied.

**I**

**A**

Petitioner was convicted on six separate occasions for six separate crimes before the events giving rise to this case.  Two of those convictions are pertinent here.

In 1996, Petitioner was convicted in Michigan state court of possession with intent to deliver less than five kilograms of marijuana.  This offense was punishable by imprisonment for up to four years.  *See* Mich. Comp. Laws § 333.7401(2)(d)(iii).  At sentencing, the judge asked

Petitioner whether he possessed the marijuana.  Petitioner responded: "Yes, Your honor.  I did possess marijuana in my pocket."  Transcript of Sentencing at 12, *People v. Dumas* (Macomb Cir. Ct. Feb. 2, 1996) (No. 95-2427-FH), ECF No. 97.  The judge then asked: "Did you intend to sell this marijuana to someone or give it to someone?"  *Id*.  "Yes," Petitioner responded.  The judge sentenced Petitioner to two years' probation.

The following year, again in Michigan state court, Petitioner was convicted of delivery of less than 50 grams of cocaine.  He was sentenced to five years to life imprisonment.

**B**

Petitioner was paroled in 2002.  Four years later, he sold 43 grams of crack cocaine (through an associate) to an undercover police officer.  As Petitioner left the scene, he was arrested.

A grand jury in the Eastern District of Michigan returned a two-count indictment against Petitioner charging him with conspiring to distribute and distributing more than five grams but less than 50 grams of cocaine base.

The government also filed a notice of a penalty enhancement pursuant 21 U.S.C. §§ 841 and 851.  Under this enhancement, if convicted Petitioner faced a mandatory life sentence.

The morning that trial was scheduled to begin, Petitioner reached an oral plea agreement with the government.  In exchange for a guilty plea to one count of conspiring to distribute cocaine base and one count of distributing cocaine base, the government would not seek the penalty enhancement.  Petitioner accepted and pleaded guilty to both counts.

The Court sentenced Petitioner to 360 months.  Petitioner appealed to the Sixth Circuit, arguing that the Court did not adequately explain the reasons for the sentence.  The Sixth Circuit

disagreed and affirmed the judgment. *United States v. Dumas*, 361 F. App'x 646, 649 (6th Cir. 2010).

## C

Returning to this Court, Petitioner moved to vacate his sentence pursuant to § 2255. ECF No. 69. The petition was denied. *Dumas v. United States*, 06-20402, 2013 WL 1914329 (E.D. Mich. May 8, 2013).

Dissatisfied, Petitioner filed a motion pursuant to Federal Rule of Civil Procedure 59(e) asking that the Court reconsider its decision. Petitioner did not, however, attach a brief to the motion in support. The unsupported motion was therefore stricken.

Petitioner now asks that the Court reconsider that decision, address the merits of his Rule 59(e) motion, and grant his § 2255 petition. He explains that he was unfamiliar with local rule requiring that "each motion and response to a motion must be accompanied by a single brief." E.D. Mich. L.R. 7.1(d)(1)(A). The Court will address the merits of the Rule 59(e) motion. The Court will not, however, grant Petitioner's Rule 59(e) motion or his § 2255 petition.

## II

"Under Rule 59," The Sixth Circuit instructs, "a court may alter the judgment based on: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)).

## III

Petitioner's motion lists six grounds for relief. His brief, however, consolidates these grounds to three enumerated arguments. Each is addressed in turn.

## A

First, Petitioner writes that the Court erred because it "did not resolve the argument/claim that sentencing counsel failed to restate sentencing objects [sic] after imposition of sentence." Pet'r's Br. 5 (capitalization omitted). Petitioner explains: "Succinctly, the entire argument for Ineffective Assistance of Counsel with respect to this claim is set out in the Sixth Circuit's Opinion Affirming Petitioner's conviction and sentence is set out therein. The Circuit clearly noted that any argument as to the sentencing was waived by counsel not having reiterated the arguments/objects [sic] after this Court passed sentence." *Id.* Incorrect on the law and the facts, Petitioner's contention lacks merit.

First, counsel is not required to restate previously raised objections after the imposition of a sentence to preserve them. *United States v. Simmons*, 587 F.3d 348, 384 (6th Cir. 2009) ("[A]a post-sentencing objection is not necessary to preserve for appeal those claims that the defendant already has asserted prior to or during the sentencing hearing."). And as the Sixth Circuit panel explained in its opinion affirming Petitioner's conviction and sentence, "when the district court, after announcing a proposed sentence, asks the parties whether they have any objections to the sentence *that have not previously been raised*, we apply plain-error review to those arguments not preserved by the relevant party at that opportunity." *United States v. Dumas*, 361 F. App'x 646, 647 (6th Cir. 2010) (emphasis supplied) (quotation marks, brackets, and ellipsis omitted) (quoting *United States v. Vonner*, 516 F.3d 382, 385 (6th Cir. 2008) (en banc)). Otherwise, the arguments are reviewed for an abuse of discretion. *United States v. Bates*, 552 F.3d 472, 476 (6th Cir. 2009).

Moreover, the panel first applied plain-error review to Petitioner's claim. *Dumas*, 361 F. App'x at 649–50. The panel then went on to also apply the abuse of discretion standard,

explaining "we hold that the same facts outlined above under the plain error standard are sufficient to demonstrate that the district court did not abuse its discretion by imposing a within-Guidelines sentence." *Id*. at 650. Petitioner is not entitled to relief on this claim.

## B

Next, Petitioner repeats his previous argument that he did not have two qualifying "controlled substance offenses" under the United States Sentencing Guidelines. *See Dumas v. United States*, 2013 WL 1914329, at *3–5, 6–8 (rejecting this argument). Again, he rests his arguments that *Moncrieffe v. Holder*, 133 S. Ct. 1678 (2013). For the reasons detailed in the Court's prior opinion and order, this argument lacks merit. And as another district court cogently explained:

> A Rule 59(e) motion is not a substitute for an appeal. Rule 59(e) does not give a dissatisfied litigant an additional opportunity to sway the District Court by repeating the same arguments. A Rule 59(e) motion cannot be used to relitigate the same facts, issues, and arguments that have previously been considered and decided by the District Court.

*Jones v. Stapleton*, 2:08-CV-110, 2012 WL 3186108, at *2 (W.D. Mich. Aug. 3, 2012) (collecting cases); *see also Leisure Caviar, LLC v. U.S. Fish and Wildlife Serv.*, 616 F.3d 612, 616 (6th Cir. 2010); *Zink v. General Elec. Capital Assurance Co.*, 73 F. App'x 858, 861 (6th Cir. 2003) ("A motion to reconsider does not afford parties an opportunity to reargue their case."). Petitioner is not entitled to relief on this claim.

## C

Finally, Petitioner reiterates his argument that "even if the PWID conviction is upheld to be a qualifying prior conviction for career offender, this Court can still dispute the policy post-*Booker*." Pet'r's Br. 9 (capitalization omitted); *see Dumas v. United States*, 2013 WL 1914329, at *8 (rejecting this argument).

As noted, "Rule 59(e) does not give a dissatisfied litigant an additional opportunity to sway the District Court by repeating the same arguments." *Jones*, 2012 WL 3186108, at *2. Once again, Petitioner is not entitled to relief on this claim.

**IV**

Accordingly, it is **ORDERED** that Petitioner's motion for reconsideration (ECF No. 104) is **DENIED**.

Dated:  August 9, 2013

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon Jeffrey Dumas, #26376-039, FCI Allenwood, P.O. Box 2000, White Deer, PA 17887-2000 by first class U.S. mail on August 9, 2013.

s/Tracy A. Jacobs
TRACY A. JACOBS